# POMERANTZ PERLBERGER & LEWIS LLP

ATTORNEYS AT LAW

ONE PRESIDENTIAL BOULEVARD
SUITE 315
BALA CYNWYD, PA 19004
TELEPHONE (610) 664-3222
FAX (610) 664-5553

NORMAN PERLBERGER+
GERALD JAY POMERANTZ
ELIOT H. LEWIS

+ ADMITTED IN PA, NEW JERSEY, FLORIDA

NORMAN PERLBERGER
nperlberger@ppl-law.com

March 2, 2010

RECEIVED
MAR - 3 2010
AT 8:30
WILLIAM T. WALSH ―M
CLERK

Mag. Judge Tonianne J. Bongiovanni
J Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

SENT BY FAX ONLY (609-989-0435)
(total of 4 pages)

Re: Molnar v. Merck & Co., Inc.
3:08-cv-00008-GEB-JJH

Dear Judge Bongiovanni:

Pursuant to Your Honor's request, I am enclosing documentation from the Southern District of New York remanding the above-captioned case to this Court. As Your Honor indicated, the transfer does not yet appear on the docket, and I trust that the enclosed materials will be sufficient to re-activate this case as soon as possible.

Respectfully,

NORMAN PERLBERGER

NP:net
Enc.

cc w/enc.   Wilfred P. Coronato, Esquire (FAX 201-536-0799)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
IN RE: FOSAMAX PRODUCTS LIABILITY :
LITIGATION :
                                 MDL No. 1789
---------------------------------x
*This Document Relates to*
                                 1:08-cv-1802 (JFK)
Phyllis Molnar and William Molnar :
v. Merck & Co., Inc., :                 ORDER
1:08-cv-1802(JFK) :
---------------------------------x

**JOHN F. KEENAN**, United States District Judge:

     The Court adheres to its Order dated November 20, 2009, which remanded the instant matter to the United States District Court for the District of New Jersey. The Court hereby lifts the stay of the remand Order.

SO ORDERED.

Dated:    New York, New York
           December _/_, 2009

                                            JOHN F. KEENAN
                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
IN RE: FOSAMAX PRODUCTS LIABILITY
LITIGATION                                    :   MDL No. 1789
------------------------------------x
This Document Relates to                      :
                                                  1:08-cv-1802 (JFK)
Phyllis Molnar and William Molnar             :
v. Merck & Co., Inc.,                             **ORDER**
1:08-cv-1802(JFK)                             :
------------------------------------x

**JOHN F. KEENAN**, United States District Judge:

    Plaintiffs in the instant matter initially filed suit in the United States District Court for the District of New Jersey (Civil Action No. 08-cv-8). Unlike the other cases in this multi-district litigation ("MDL") involving osteonecrosis of the jaw ("ONJ"), plaintiff Phyllis Molnar alleges that her use of Fosamax caused her to sustain fractures of the hip and femur. On January 18, 2008, the Judicial Panel on Multidistrict Litigation (the "JPML") transferred the matter to this Court pursuant to Rule 7.4 of the Rules of Procedure of the JPML.

    On September 10, 2009, Plaintiffs moved the Court for alternative relief, claiming that Lead Counsel for the Plaintiffs' Steering Committee (the "PSC") has refused to make available documentation obtained though discovery or created for trial preparation that would be pertinent to their claim. Plaintiffs move for remand to the District of New Jersey, or in

the alternative, a court order directing the PSC to provide Plaintiffs' counsel the documentation obtained through discovery that would be relevant to their claim. Neither the PSC nor Merck have responded to the motion. Plaintiffs' counsel represents, however, that (1) the PSC does not oppose remand, but (2) Merck refused consent to remand, denying that the multi-district litigation is limited to ONJ.

Discovery of specific causation is different in every case, but in this instance, evidence of general causation relating to fractures of the femur and hip would be substantially different than the material already obtained through discovery relating to ONJ. The instant matter and the other actions in this multi-district litigation involve different questions of fact in a sufficient number of areas as to justify remand. In an exercise of discretion, the Court remands the instant matter to the District of New Jersey for further proceedings.

SO ORDERED.

Dated: New York, New York
November 20, 2009

_____
JOHN F. KEENAN
United States District Judge