UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: FOSAMAX** **(ALENDRONATE SODIUM): PRODUCTS LIABILITY LITIGATION** **THIS DOCUMENT APPLIES TO:** *All Cases* | MDL No. 2243 Civil Action No. 08-cv-08 (JAP)(LHG) **ORDER** |

This MDL involves products liability suits concerning Fosamax, a drug prescribed for the treatment and prevention of osteoporosis and Paget's disease. Plaintiffs in these cases brought claims in various courts and venues against the manufacturer of Fosamax, Merck & Co., Inc., and against manufacturers of generic Fosamax (collectively the "Fosamax Defendants"). All plaintiffs claim to have suffered femur fractures or similar bone injuries as a result of ingesting prescription Fosamax or one of its generic equivalents. In addition to asserting claims against Merck and drug manufacturers of Fosamax's generic equivalent, several plaintiffs list the manufacturers of other similar prescription drugs, such as Boniva, as additional defendants.

On May 23, 2011, the United States Judicial Panel on Multidistrict Litigation centralized all actions related to plaintiffs who claim to have suffered femur fractures or similar bone injuries as a result of the ingestion of Fosamax for coordinated and consolidated pretrial proceedings in the District of New Jersey. *In re Fosamax Products Liability Litigation (No. II)*, 787 F.Supp. 3d 1355 (J.P.M.L. 2011) (the "May 23, 2011 Order"). In a similar order, the Panel centralized all actions related to plaintiffs who claim to have suffered osteonecrosis of the jaw as a result of the ingestion of Fosamax for coordinated and consolidated pretrial proceedings in the Southern District of New York. *See In re Fosamax*

*Products Liability Litigation (No. I)*, 444 F.Supp. 2d 1347 (J.P.M.L. 2006).

In ordering the creation of the Southern District MDL, the Panel found "that claims involving prescription drugs other than Fosamax do not share sufficient questions of fact with claims relating to Fosamax to warrant inclusion of the former claims in" that MDL. 444 F.Supp. 2d at 1349. Similarly, in transferring cases to the District of New Jersey for participation in this MDL, the Panel has separated and remanded some but not all claims that involve defendants other than the Fosamax Defendants. *See, e.g., In re: Fosamax Products Liability Litigation (No II), Frampton v. Merck Sharp & Dohme Corp., et al.*, [docket #219] (Conditional Transfer Order (CTO-16) and Simultaneous Separation and Remand of Certain Claims).

IT APPEARING TO THE COURT that complaints naming defendants other than Merck[1] and involving prescription drugs other than Fosamax have been filed in and transferred to this MDL subsequent to the issuance of the May 23, 2011 Order, and also have been filed directly in this District as part of the MDL; and

IT APPEARING TO THE COURT that the claims against defendants other than Merck may not share sufficient questions of fact with claims relating to Fosamax to warrant inclusion in this MDL; and

IT APPEARING TO THE COURT that there are "pre-label change" cases against non-Fosamax defendants and Merck is no longer a party to such cases [docket #3184]; therefore, to the extent claims against non-Fosamax defendants should not be included in this MDL, the Court may not have jurisdiction to address such claims;

---

[1] It should be noted that the generic Fosamax Defendants were granted judgment on the pleadings on November 21, 2011 [docket #345]. As such, the sole remaining Fosamax Defendant in this MDL is Merck.

Accordingly, and this matter having been raised by the Court *sua sponte*,

IT IS on this 10th day of September, 2014,

ORDERED that Plaintiffs, through their liaison counsel, SHOW CAUSE before this Court by September 24, 2014 why all claims against defendants other than Merck that have been transferred to this MDL should not be severed and remanded to the districts in which they originated; and it is further

ORDERED that Plaintiffs, though their liaison counsel, SHOW CAUSE before this Court by September 24, 2014, why this Court has jurisdiction to address claims against non-Fosamax defendants in those cases which were filed in this District as part of the MDL but where Merck has been dismissed as a party; and it is further

ORDERED that responses by any defendant in this MDL shall be received by this Court no later than October 1, 2014; and it is further

ORDERED that liaison counsel shall ensure that all parties receive a copy of this Order.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.