IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FOSAMAX (ALENDRONATE SODIUM): PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Deborahanne Wicher as Executor of the Estate of Helen H. Wicher v. Merck & Co., Inc. and Merck Sharp & Dohme, Corp.*<br><br>Civil Action No. 3:12-cv-00964 | MDL No. 2243<br>Civ. Action. No. 08-08 (JAP)(LHG) |

**MEMORANDUM OF LAW IN SUPPORT OF MERCK SHARP & DOHME CORP.'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO PROVIDE COMPLETED PPF AND AUTHORIZATIONS**

**FOX ROTHSCHILD LLP**
Karen A. Confoy
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
Tel: 609-896-3600
Fax: 609-896-1469

Of Counsel:

**VENABLE LLP**
Paul F. Strain
David J. Heubeck
Stephen E. Marshall
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: 410-244-7400
Facsimile: 410-244-7742

*Attorneys for Defendants Merck Sharp & Dohme Corp. and Merck & Co., Inc.*

Dated: November 4, 2014

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND....................................................................................................2

ARGUMENT..............................................................................................................................3

CONCLUSION...........................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Acuna v. Brown & Root Inc.*,
  200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229 ....................................................5

*In re Bextra and Celebrex Prod. Liab. Litig.*,
  2007 WL 3022241 (N.D. Cal. Oct. 12, 2007) ........................................................................6

*In re FACTOR VIII Prod. Liab. Litig.*,
  2006 WL 3095747 (N.D. Ill. Oct. 27, 2006) ..........................................................................5

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
  496 F.3d 863 (8th Cir. 2007) ..................................................................................................5

*In re Phenylpropanolamine Prod. Liab. Litig.*,
  460 F.3d 1217 (9th Cir. 2006) ................................................................................................5

*In re Propulsid Prod. Liab. Litig.*,
  2003 WL 22383576 (E.D. La. Oct. 16, 2003) ........................................................................5

*In re Rezulin Products Liability Litigation*,
  223 F.R.D. 109 (S.D.N.Y. 2004) ....................................................................................3, 4, 5

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*,
  845 F.2d 1172 (2d Cir. 1988) .................................................................................................3

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
  427 U.S. 639 (1976) ............................................................................................................3, 4

*Update Art, Inc. v. Modiin Publishing*,
  843 F.2d 67 (2d Cir. 1988) .....................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16(f) ........................................................................................................................3

Fed. R. Civ. P. 37(b)(2) ..................................................................................................................3

Fed. R. Civ. P. 41(b) ......................................................................................................................3

Rule 37 ...........................................................................................................................................4

Rule 60(b) .......................................................................................................................................5

Defendants Merck Sharp & Dohme Corp. and Merck & Co., Inc. (collectively "Merck"), through undersigned counsel, move the Court for entry of an Order to dismiss the plaintiff in the above-captioned case with prejudice for failure to provide a verified Plaintiff Profile Form ("PPF") and Authorizations for Release of Medical Records and other sources of information ("Authorizations") as required by Case Management Order No. 8 ("CMO 8" or "the Order").

## PRELIMINARY STATEMENT

As set forth more fully below, despite repeated demands, Plaintiff Deborahanne Wicher, as Executor of Estate for Helen Wicher ("Plaintiff"), failed to serve a completed PPF and Authorizations as required by the plain terms of CMO 8. To be clear, Merck is not making this motion without having tried to remedy the situation by working with the Plaintiff's attorneys. After the initial deadline to submit a completed PPF and Authorizations for the Plaintiff had passed, Merck sent Plaintiff's counsel a deficiency notice via email requesting the completed PPF and Authorizations. Having received no response, an additional email and a letter were sent regarding the PPF and Authorizations. To date, Plaintiff has failed to remedy the missed deadlines for submission of the completed PPF and Authorizations. Consequently, Merck respectfully requests that the Court dismiss this Plaintiff's claims with prejudice for failure to comply with the requirements of CMO 8.

**FACTUAL BACKGROUND**

On April 12, 2012, this Court entered CMO 8.[1] CMO 8 governs, among other things, the service and production requirements for PPFs and PPF-related documents. CMO 8 § 1.1. CMO 8 directs plaintiffs to serve "completed PPFs and Authorizations," within seventy-five (75) days "from the date their complaint is answered…" *Id.* The Order provides that Defendants may send a deficiency letter to counsel for plaintiffs if a completed PPF and Authorizations are not received within seventy-five (75) days and that upon receipt of this deficiency letter, plaintiffs have thirty (30) days to cure deficiencies. *Id.* After this thirty-day "period to cure has run, Merck may move for dismissal." *Id.*

Here, Plaintiff's case was transferred to this court on February 15, 2012. (Declaration of Karen A. Confoy ("Confoy Decl."), Exhibit 1). Merck filed its Answer to Plaintiff's Complaint on February 3, 2012. (Confoy Decl., Exhibit 2). Having received no response from Plaintiff within 75 days from the date Plaintiff's Complaint was answered, on July 26, 2013, Merck sent an email to Plaintiff's counsel giving Plaintiff an additional 30 days to produce the PPF. (Confoy Decl., Exhibit 3). Again, having received no response, Merck sent an email on December 13, 2013, and a final letter *via* email on January 24, 2014. (Confoy Decl., Exhibit 4 and Exhibit 5).

Subsequently, on February 27, 2014, counsel for Merck filed a Suggestion of Death. (Confoy Decl., Exhibit 6). Plaintiff's counsel then filed a Motion to Substitute Party on the 90th day after the Suggestion of Death was filed. (Confoy Decl., Exhibit 7). The Order granting Plaintiff's Motion to Substitute was granted on July 31, 2014. (Confoy Decl.,

---

[1] The PPF was finalized by Case Management Order No. 5 ("CMO 5"), entered on September 22, 2011.

2

Exhibit 8). To date, Plaintiff's counsel has still failed to provide the PPF and authorizations for Helen Wicher.

## ARGUMENT

This Court should dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 16(f), 37(b)(2), and 41(b) because Plaintiff impeded discovery by failing to provide a completed PPF and Authorizations.

The mandatory language of CMO 8 is clear:

> *Plaintiffs ... shall have seventy-five (75) days from the date their complaint is answered to submit completed PPFs and Authorizations* … to counsel for Defendant Merck Sharp & Dohme ("Merck")…. Merck may thereafter send a deficiency letter to counsel for Plaintiffs. Individual Plaintiffs will have thirty (30) days from receipt of a deficiency letter to cure deficiencies noted in the individual PPF and Authorizations. *After the period to cure has expired, Merck may move for dismissal* for Plaintiffs' failure to provide completed PPFs and Authorizations.

CMO 8 § 1.1 (emphasis added). Plaintiff failed to comply with CMO 8. It is well-settled that failure by a plaintiff to meet discovery deadlines – as Plaintiff did here by violating the clear mandates of CMO 8 – justifies dismissal of that plaintiff's complaint. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming District Court's dismissal of plaintiff's complaint for plaintiff's failure to timely respond to interrogatories). Rules 16(f), 37(b)(2), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order. *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (citation omitted); *see also* Fed. R. Civ. P. 16(f), 37(b)(2), and 41(b).

Another District Court has dealt directly with this issue. In *In re Rezulin Products Liability Litigation*, 223 F.R.D. 109 (S.D.N.Y. 2004), defendants moved to dismiss certain

cases due to those plaintiff's failure to provide similar forms. There, as here, plaintiffs were required to complete "Fact Sheets" pursuant to a pretrial order. *Id.* at 111. Despite that court order and repeated warning letters sent to the plaintiffs by defendants, plaintiffs failed to serve Fact Sheets or provided "materially incomplete responses." *Id.* The District Court, in granting a motion to dismiss, explained that the Appellate Court:

> [H]as emphasized that the harsh remedy of dismissal in an appropriate case is "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a 'paper tiger.'" It has made clear that it intends "strictly to enforce sanctions provided for noncompliance with discovery orders" and that a "party who flouts such orders does so at [its] peril." Moreover, although sanctions such as dismissal are "strong medicine," they are "necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators."

*Id.* at 116 (quoting *Update Art, Inc. v. Modiin Publishing*, 843 F.2d 67, 68, 71, 73 (2d Cir. 1988)).[2]

As the *Rezulin* Court found under similar circumstances, any sanction short of dismissal would only encourage further noncompliance by other plaintiffs:

> To accept the plaintiffs' implicit argument that the Court's discovery and case management orders may be flouted freely by any plaintiff because the Court will indulge further extensions after the defendants file sanctions motions would reward noncompliant plaintiffs for their misconduct while effectively bringing hundreds of these cases to a near-halt as a

---

[2]   The Supreme Court has similarly held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League*, 427 U.S. at 643.

4

> result of fact-discovery compliance issues. This would be unacceptable.

*Id.* at 118. *See also In re Propulsid Prod. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) (MDL Court dismissing various plaintiffs' claims with prejudice for failing to comply with the applicable deadlines for providing profile forms); *In re FACTOR VIII Prod. Liab. Litig.*, 2006 WL 3095747, at *1 (N.D. Ill. Oct. 27, 2006) (MDL Court holding that "the only effective sanction [is] a dismissal with prejudice" where plaintiffs failed to comply with court order setting deadline for providing Preliminary Patient Profile Forms); *Acuna v. Brown & Root Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229 (affirming District Court's dismissal of the claims of 1,600 plaintiffs for plaintiffs' failure to comply with a pretrial order and provide basic information about their claims).

Moreover, the Court of Appeals for the Eighth Circuit has affirmed a district court's dismissal of plaintiffs' claims for failure to file a timely fact sheet on a Rule 60(b) challenge, stating:

> Congress established MDL protocols to encourage efficiency. In order to do so, MDL courts must be able to "establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders.
>
> Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also impacted the nearly 1,400 other plaintiffs by unfairly diverting the time and attention of the court away from their timely claims to that of the [Plaintiffs].

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (citation omitted) (citing *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d

5

1217, 1229, 1232 (9th Cir. 2006). Likewise, an MDL Court in California dismissed with prejudice plaintiffs' product liability claims for failing to comply with a pretrial order requiring provision of Plaintiff Fact Sheets by a particular date. *In re Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 3022241 (N.D. Cal. Oct. 12, 2007) (providing various justifications for dismissal, including public interest in expeditious resolution of litigation, a Court's need to manage its docket, and prejudice to defendants).

Here, Merck has notified Plaintiff's counsel at least four (4) times that Plaintiff has failed to provide a completed PPF and Authorizations as required by CMO 8. The PPF and Authorizations provide Merck with basic information necessary to defend the case. Without a complete and verified PPF and executed Authorizations, Merck lacks critical information about the Plaintiff's background, her use of FOSAMAX®, the injuries alleged, health care providers who rendered care, and other information needed to defend itself against the claims alleged.

## **CONCLUSION**

Because of the Plaintiff's total disregard for the mandatory requirements of CMO 8, Merck respectfully asks the Court to dismiss this Plaintiff's case with prejudice.

Respectfully submitted,

Dated: November 4, 2014                           **FOX ROTHSCHILD LLP**

By: /s/ Karen A. Confoy
    Karen A. Confoy
    kconfoy@foxrothschild.com

Of Counsel**:**

**VENABLE LLP**
Paul F. Strain
David J. Heubeck
Stephen E. Marshall
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: 410-244-7400
Facsimile: 410-244-7742

*Attorneys for Defendants Merck Sharp & Dohme Corp. and Merck & Co., Inc.*